UNITED STATES of America, Plaintiff—Appellee,

v.

Jenifer Marie BYRNE, Defendant—Appellant.

No. 03–50222.

D.C. No. CR–02–02583–TJW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 5, 2004.

Decided Feb. 23, 2004.

Patrick K. O'Toole, Asst. U.S. Atty., Orlando Gutierrez, Office of the U.S. Attorney, San Diego, CA, for Plaintiff-Appellee.

Steven L. Barth, San Diego, CA, for Defendant-Appellant.

Before REINHARDT, THOMPSON, and WARDLAW, Circuit Judges.

### MEMORANDUM *

Jenifer Marie Byrne appeals from the judgment of conviction and sentence imposed upon her for importation of 23.2 kilograms of marijuana, in violation of 21 U.S.C. §§ 952 and 960, and possession with intent to distribute the same, in violation of 21 U.S.C. § 841(a)(1). We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291, and we affirm in part, vacate and remand in part.

■ 1. The district court did not abuse its discretion by ruling that Byrne "opened the door," *United States v. Tory,* 52 F.3d 207, 210 (9th Cir.1995), to the government's presentation of evidence regarding the structure of drug-trafficking organizations. The district court expressly warned, while granting Byrne's motion in limine regarding structure evidence, that it would allow the government to present such evidence in rebuttal if Byrne's counsel questioned government witnesses regarding any "lack of attempting to lift prints from the gas tank or from the packaging inside the gas tank." Nevertheless, in cross-examining Agent Moran and other government witnesses, Byrne's counsel did precisely what the district court warned him not to do. When "the defense opens the door by introducing evidence that the government did not attempt to lift fingerprints," *United States v. Pineda–Torres,* 287 F.3d 860, 865 (9th Cir.2002), it is not

an abuse of discretion for the district court to allow the government to elicit rebuttal testimony that explains why its agents did not collect such evidence. Byrne, however, contends that the government—not the defense—opened the door. Yet Byrne's counsel did not object at trial or on appeal to Agent Moran's testimony that he noticed a greasy hand print when he inspected the gas tank of Byrne's pickup truck. In these circumstances, when the defense challenged the government's failure to seek to determine the source of the hand print, the district court did not abuse its discretion by allowing the government to explain why it did not attempt to do so.

■ 2. The district court did not err in ruling that the search of Byrne's pickup truck was legal. *See United States v. Molina–Tarazon,* 279 F.3d 709, 713–18 (9th Cir.2002). The district court correctly held that the border search of Byrne's gas tank was "nonroutine," *id.* at 717, and that reasonable suspicion for the search existed based upon the following particularized facts: (1) the clamp on the filler hose of Byrne's gas tank appeared brand new and did not match the physical condition of the rest of the tank; (2) a tap of the tank at primary inspection produced an unexpected thud as if the tank were solid rather than hollow; (3) the straps and bolts supporting the tank had tool marks and scratches on them consistent with having been recently removed and replaced; (4) another tap of the tank at secondary inspection produced a sensation of something solid riding up and down inside the tank other than liquid; and (5) the agents had prior experience that drugs are occasionally smuggled into the United States in vehicle gas tanks. *See id.* at 717–18 (reasonable suspicion based in part on gas tank hoses that appeared freshly replaced, clamp marks that indicated parts of the

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

tank had recently been removed, and the inspecting officers' experience and training); *United States v. McGowan*, 274 F.3d 1251, 1252–53 (9th Cir.2001) (when agent tapped the gas tank it sounded "hard, as if it contained something solid rather than gasoline"); *United States v. Hursh*, 217 F.3d 761, 765 (9th Cir.2000) (gas tank sounded "solid" when tapped).

■ 3. The district court did not err in denying Byrne's motion to dismiss the indictment. Byrne's claim that the district court's standard charge to the grand jurors violated her Fifth Amendment right to an independent grand jury is foreclosed by *United States v. Marcucci*, 299 F.3d 1156, 1162–63 (9th Cir.2002), *cert. denied*, 538 U.S. 934, 123 S.Ct. 1600, 155 L.Ed.2d 334 (2003) (holding that any erosion of the grand jury's independence is attributable in large part to the implementation of the Federal Rules of Criminal Procedure, "not due to the [standard] charge to the grand jury, and would not be cured by a change in the language" of that charge, and that the Constitution does not vest the grand jury with unbridled autonomy in any event). Byrne's claims that her statutes of conviction, 21 U.S.C. §§ 841(a)(1), 952 and 960, are facially unconstitutional under *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *Harris v. United States*, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), were squarely rejected in *United States v. Buckland*, 289 F.3d 558, 562 (9th Cir.2002) (en banc), *cert. denied*, 535 U.S. 1105, 122 S.Ct. 2314, 152 L.Ed.2d 1067 (2002), and *United States v. Hernandez*, 322 F.3d 592, 602 (9th Cir.2003), *cert. denied*, —— U.S. ——, 124 S.Ct. 1036, 157 L.Ed.2d 886 (2004), respectively.

■ 4. In its closing argument at trial, the government stated, among other things, "[E]ven though there may be somebody who loaded [the marijuana in the gas tank], and even though there may be a kingpin somewhere, the fact of the matter is, the person who knowingly carries that marijuana across the border can be guilty of these crimes," and "just because she is a young woman, and just because she may be a *minor player*, doesn't mean she did not commit the crime of being the courier." Despite taking this position at trial, the government opposed at sentencing Byrne's request for a two-offense-level decrease under USSG § 3B1.2(b) for her minor role. In light of these inconsistent positions, the United States agreed at oral argument that remand for reconsideration of the mitigating role decrease to Byrne's sentence would not be inappropriate. We commend the United States Attorney's Office and AUSA Patrick O'Toole for their candor in acknowledging the inconsistencies between closing argument and the government's sentencing position, and for their further representation at oral argument that the United States would not oppose the district court's award of a two-level decrease for minor role upon remand. Accordingly, we vacate and remand for resentencing.

**AFFIRMED in part; VACATED and REMANDED in part.**